### *J. V. L. Irwin v. Lorentz Schuerer.

1. Oral Testimony as to Land Conveyed.

Oral testimony as to the quantity of land conveyed by certain deeds as shown by the records in the office of the county recorder, is wholly incompetent.

2. Evidence Bearing on Title.

Where, in an action to recover certain real estate, it is made to appear that plaintiff's ancestor obtained a decree restoring title to him, it is unnecessary to show that such ancestor actually took possession thereunder.

3. Data Used to Restore Records.

Evidence as to the data used in the application to restore the destroyed record of a decree finding title to certain property in a certain person, is competent in an action to recover possession of such property.

Error to the Court of Common Pleas of Hamilton county.

Giffen, J.

The original action was brought by Irwin to recover possession of certain real estate. A witness called by the plaintiff was permitted, on cross-examination, against the objection of the plaintiff, to testify as to the quantity of land conveyed by certain deeds as shown by the records in the office of the county recorder. The court afterwards excluded a certified copy of one of these deeds, when offered by the defendant, on the ground that the description did not cover the land in controversy; much less relevant or competent than was oral testimony as to what land was therein described.

There was error also in the charge of the court to the jury, that before the plaintiff could recover they must find that his ancestor, William Irwin, took possession under a decree of the court restoring the title to him. It appeared that William Irwin had title and was in possession before conveying to his brother, against whose heirs suit had been commenced to declare a trust and restore the title to William. The court having so decreed, it was unnecessary to show that he took actual possession under such decree.

There was no error in eceiving evidence as to the data used in the application to restore the destroyed record of the decree finding title in William Irwin, as the defendant was at the time in possession under color of title and not a party to such application.

Judgment reversed and cause remanded.

W. A. Hicks and John W. Wolfe, for plaintiff in error.

Chris. Von Seggern and James B. Swing, contra.